**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Laura Jane Nash, | No. CV-24-08125-PCT-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Wells Fargo Bank NA, | |
| Defendant. | |

Plaintiff Laura Jane Nash asserts various employment discrimination claims against Defendant Wells Fargo Bank NA. (Doc. 1.) Defendant moves to compel arbitration and stay proceedings in the District Court per an arbitration agreement between the parties. (Doc. 15.) The motion is fully briefed. (Docs. 22, 32.) Plaintiff also filed a motion to stay the case should the Court grant Defendant's motion for arbitration (Doc. 25), which Defendant does not oppose (Doc. 31).

Under the Federal Arbitration Act, the Court's role is limited to determining "(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue." *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000) (citing 9 U.S.C. § 4).

The Court first finds that the arbitration agreement attached to Defendant's motion as Exhibit 2 is valid and enforceable. (Doc. 15-1 at 10.) *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002) ("[A] gateway dispute about whether the parties are bound by a given arbitration clause raises a 'question of arbitrability' for a court to decide."); *Estate*

*of Decamacho ex rel. Guthrie v. La Solana Care & Rehab., Inc.*, 234 Ariz. 18, 20-21 (App. 2014). Further, the Court is not persuaded by Plaintiff's unconscionability assertions. While Plaintiff offers a generalized list of reasons as to why an arbitration agreement may be deemed unconscionable, her arguments are without substance. (Doc. 22 at 7-11.) For instance, Plaintiff argues the agreement is a contract of adhesion and fails for "hidden terms" or "lack of explanation." (*Id.* at 8.) Plaintiff also argues the agreement is substantively unconscionable due to its one-sided terms, cost prohibitive nature, limitation on her remedies, and "further disadvantages and questionable fairness." (*Id.* at 9-10.)

After reviewing the agreement, the Court disagrees. Many of Plaintiff's contentions are speculative and unsupported by any reference to relevant caselaw or the agreement itself. Furthermore, the agreement at issue here appears to be a routine arbitration agreement used in the employment context. Therefore, none of the defenses asserted in Plaintiff's response opposing the motion are meritorious. *Myers v. Racerwold LLC*, No. 21-CV-01244-PHX-MTL, 2022 WL 1569080, at *3-5 (D. Ariz. May 18, 2022).

The Court further finds that the scope of the agreement covers the claims asserted in the complaint. *Id.* at *6. Plaintiff argues that her claims related to "ERISA, Unemployment Benefits and OSHA matters" are not governed by the arbitration agreement. (Doc. 22 at 5.) But Plaintiff has not alleged any of these claims in her complaint, and her attempts to recast her ADA claim as an ERISA claim are unavailing. Plaintiff's complaint states causes of action under Title VII of the Civil Rights Act of 1964; the Age Discrimination in Employment Act of 1967; the Americans with Disabilities Act of 1990; and other federal and state law. (Doc. 1 at 3.) And her "Additional Basis for Jurisdiction" exhibit vaguely references the Rehabilitation Act; the Arizona Civil Rights Act; the Equal Pay Act; the Arizona Constitution; and the Genetic Information Nondiscrimination Act of 2008. (*See id.* at 8-16.) These claims are covered by the arbitration agreement.[*]

---

[*] The Court will deny Plaintiff's request to "charge Wells Fargo Bank N.A. the reasonable clause of responsibility of costs of arbitration in full for the plaintiff cost(s)" including "all travel arrangements . . . transportation . . . accommodation of hotel costs if required, and/or any other fee that would arise." (Doc. 22 at 16.) The arbitration agreement sets out how fees and costs shall be allocated. (Doc. 15-1 at 10.) Plaintiff has cited no legal authority on why the Court should deviate from the parties' agreement.

**IT IS THEREFORE ORDERED**:

1. Defendant Wells Fargo Bank's Motion to Compel Arbitration (Doc. 15) is **GRANTED**.

2. The parties shall engage in private arbitration as contemplated by the arbitration agreement.

3. This matter is **STAYED** pending arbitration. The parties must file a joint report within seven (7) calendar days of the conclusion of arbitration. The joint report must advise the Court whether [a] the stay can be lifted and [b] this case can be dismissed.

**IT IS FURTHER ORDERED** that Plaintiff's Motion For Stay Pending Arbitration Decision (Doc. 25) is **DENIED AS MOOT**.

**IT IS FINALLY ORDERED** that if Defendant wishes to obtain an award of attorneys' fees it must file a motion pursuant to LRCiv 54.2.

Dated this 17th day of December, 2024.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge